UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:11-cr-256 |
| ) | |
| v. ) | Honorable Janet T. Neff |
| ) | |
| KIRK ANTHONY WARD, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**REPORT AND RECOMMENDATION**

Pursuant to W.D. MICH. L.CR.R. 11.1, I conducted a plea hearing in the captioned case on December 22, 2011, after receiving the written consent of defendant and all counsel. At the hearing, defendant Kirk Anthony Ward entered a plea of guilty to count 1 of the Indictment charging him with possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1); 841(b)(1)(C). There was no written plea agreement, but two oral promises by the government were placed on the record:

(1)  The government promises not to file a supplemental Information under 21 U.S.C. § 851 regarding a previous felony drug conviction.

(2)  The government will not object to a two-level reduction in offense level under Guideline § 3E1.1(a) for acceptance of responsibility, provided that defendant otherwise qualifies. If the two-level reduction is granted, the government

will move for an additional one-level reduction for entering a timely guilty plea under Guide § 3E1.1(b).

(3)   The government will evaluate in good faith defendant's assistance in investigating and prosecuting crimes committed by other persons and may move for a downward departure on that basis under Guideline § 5K1.1 or Fed. R. Crim. P. 35(b).  Defendant understands that the government is not promising to do so and that the court is not obliged to grant any such request.

On the basis of the record made at the hearing, I find that defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises; that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

I therefore recommend that defendant's plea of guilty to count 1 of the Indictment be accepted and that the court adjudicate defendant guilty of the charge.  Acceptance of the plea, adjudication of guilt, acceptance of the oral plea agreement, and imposition of sentence are specifically reserved for the district judge.


Dated:  December 22, 2011            /s/  Joseph G. Scoville
                                     U.S. Magistrate Judge


## NOTICE TO PARTIES

You have the right to de novo review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than 14 days after the plea hearing.  See W.D. MICH. L.CR.R. 11.1(d).  A failure to file timely objections may result in the waiver of any further

right to seek appellate review of the plea-taking procedure. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).